# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STACY HENRY, | : | |
|     Plaintiff | : | |
| | : | No. 1:18-cv-02233 |
| v. | : | |
| | : | (Judge Rambo) |
| STUART KOCH et al., | : | |
|     Defendants | : | |

## **MEMORANDUM**

On November 16, 2018, the Court received and docketed a civil complaint filed pursuant to 42 U.S.C. § 1983 by pro se Plaintiff Stacy Henry ("Plaintiff"), a prisoner currently confined at the Dauphin County Prison, Harrisburg, Pennsylvania ("DCP"). (Doc. No. 1.) Plaintiff has also filed a motion for leave to proceed in forma pauperis. (Doc. No. 2.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of the complaint and for the reasons set forth below, will grant Plaintiff's motion to proceed in forma pauperis (Doc. No. 2), and dismiss the complaint.

## I. BACKGROUND

Plaintiff names a total of five Defendants in his civil rights complaint: (1) Pennsylvania State Trooper Stuart Koch ("Koch"); (2) Magisterial District Judge Lowell A. Witmer ("Witmer"); (3) Dauphin County Assistant District Attorney

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

Jane Doe; (4) Dauphin County Assistant District Attorney John Doe; and (5) Dauphin County Court of Common Pleas Judge Scott Arthur Evans ("Evans"). (Doc. No. 1 at 1-2.) Plaintiff provides that while he was a resident of Keystone Correctional Services Inc. ("KCSI"), a privately owned company that is subcontracted by the Department of Corrections ("DOC"), to house parolees until they secure an approved home and home plan, he was stripped searched by KCSI's Supervisor Rick Potts ("Potts") (not a named Defendant), who found white pills on Plaintiff's person. (Id. at 3-5.)

Plaintiff alleges that on the following morning Defendant Koch arrived at KCSI and Potts informed him that contraband was seized from Plaintiff, which was identified as a schedule III-controlled substance, buprenorphine. (Id. at 5.) Plaintiff avers that he was arrested by Defendant Koch and the pills were taken as physical evidence. (Id.) Plaintiff claims that a preliminary hearing was held on June 21, 2018 before Defendant Witmer, wherein Defendant Jane Doe was the prosecuting attorney, and that all counts were bound over to the Dauphin County Common Pleas Court. (Id. at 5-6.) Plaintiff provides that he was subsequently arraigned on September 7, 2018, and on October 17, 2018, the case proceeded to Dauphin County Miscellaneous Court where it was scheduled for trial. (Id. at 6.) It appears that Plaintiff alleges that Defendant John Doe offered him a plea deal of 1 to 2 years confinement for violating 18 Pa.C.S.A. § 5123 (a). (Id.) Plaintiff

provides that Defendant Evans denied Plaintiff's pretrial motions without a hearing. (Id.)

Plaintiff claims that each Defendant violated Plaintiff's due process rights under the Fourteenth Amendment. Plaintiff demands compensatory and punitive damages against all Defendants. (Id. at 9-10.)

## II. LEGAL STANDARD

### A. Screening of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail,

prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)").

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent

4

dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230

(3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)).

In conducting its screening review of a complaint, the court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### B.  42 U.S.C. § 1983 Standard

In order to state a viable claim under § 1983, a plaintiff must plead: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v.

Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990); Richardson v. Min Sec Cos., Civ. No. 08-1312, 2008 WL 5412866, at *1 (M.D. Pa. Dec. 29, 2008). Moreover, in order for a § 1983 claim to survive a motion to dismiss, the plaintiff must sufficiently allege that the defendant was personally involved in the act or acts that the plaintiff claims violated his rights. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Solan v. Ranck, 326 F. App'x 97, 100 (3d Cir. 2009).

### III. DISCUSSION

In performing a screening Plaintiff's complaint pursuant to the PLRA, it is evident that Plaintiff's complaint fails as a matter of law for the following reasons and will be dismissed.

#### A. Younger Abstention

Generally, federal courts must adjudicate all cases and controversies that are properly before them. New Orleans Pub. Serv., Inc. v. City of New Orleans, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir. 1982). Absent extraordinary circumstances, Younger abstention[2] requires that a district court

---

[2] See Younger v. Harris, 401 U.S. 37 (1981). The Younger abstention is not appropriate when "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly

abstain from enjoining pending state criminal proceedings when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, 591 F.3d 666 (3d Cir. 2010) (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005)). Younger abstention is "premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." Evans v. C.C.P., Delaware Cty, Pa., 959 F.2d 1227, 1234 (3d Cir. 1992). Moreover, application of the Younger doctrine to § 1983 civil rights actions in which the plaintiff is challenging the pending state court criminal charges filed against him and is alleging that the initiation and prosecution in the ongoing underlying state court action "violated and continues to violate his constitutional rights" is appropriate. See Miles v. Zech, Civ. No. 3:18-1061, 2018 WL 3207381, at *2 (M.D. Pa. June 29, 2018) (citing Smithson v. Rizzo, Nos. 1:14-cv-1866, 1:14-cv-1867, 2015 WL 1636143, *4 (M.D. Pa. Apr. 7, 2015); Jaffery v. Atlantic Cty. Prosecutor's Office, 695 F. App'x. 38 (3d Cir. 2017)).

    In the present matter, the Court concludes that all three Younger criteria are met. First, there is an ongoing state criminal proceeding wherein Plaintiff is the

---

unconstitutional statute." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions are to be narrowly construed. Loftus v. Twp. of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991).

named defendant. See Commonwealth v. Henry, CP-22-CR-3272-2018.[3] Second, it is axiomatic that state criminal proceedings necessarily implicate important state interests. Younger, 401 U.S. at 45-46; see also Wallace v. Keen, No. 12-cv-1366, 2012 WL 5197948, at *4 (M.D. Oct. 19, 2012). Finally, Plaintiff has the opportunity to raise his constitutional claims in the context of his state criminal proceedings in state court at the trial stage and during any appellate proceedings. See Wallace, 2012 WL 5197948, at *4; see also Moore, 515 F.3d at 445 (providing that adequate state court review remains available to the plaintiff "at trial and thereafter, on appellate review"); Lazaridis, 591 F.3d at 671 (providing that Younger only requires "an opportunity to present federal claims in a state proceeding," and that the burden rests on the plaintiff "to show that state procedural law barred presentation of [his] claims") (quoting Juidice v. Vail, 430 U.S. 327, 337 (1997) and Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14-15 (1987)).

Additionally, Plaintiff has not made a showing that Younger abstention is inappropriate because: (1) the ongoing state proceedings are undertaken in bad faith; (2) such proceedings are meant to harass him; or (3) some extraordinary circumstance exists that would prevent a significant and immediate potential for irreparable harm to the asserted federal interest by deferring to the state courts.

---

[3] See https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-22-CR-0003272-2018&dnh=QWvwgIszEsbNgETrY6UsuA%3d%3d (last accessed December 13, 2018). A district court may take judicial notice of proceedings in another court. See Minney v. Winstead, No. 12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013).

See Wallace, 2012 WL 5197948, at *4; Anthony v. Council, 316 F.3d 412, 418 (3d Cir. 2003). Lastly, "[i]t does not appear from the record that [Plaintiff has] been threatened with any injury other than that incidental to every criminal proceeding brought lawfully and in good faith." Younger, 401 U.S. at 47 (quoting Douglas v. Jeannette, 319 U.S. 157, 164 (1943)).

Here, Plaintiff's instant claims concern his ongoing criminal proceedings and satisfy the requirements of abstention. They do not demonstrate the type of extraordinary circumstance contemplated by Younger. Given the important state interest in enforcement of its criminal laws and recognizing that the state courts are prepared to address these matters, the Court concludes that it is appropriate to abstain from entertaining the instant action, as abstention is required to preserve the integrity of the state judicial process.

### B. Favorable Termination Rule

Moreover, Plaintiff's claim for monetary damages is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87; see also Tayler v. Sanders, Civ. No. 11-1291, 2012 WL 4104871, at *8 (M.D. Pa. Sept. 18, 2012) (citing Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)) ("'[A] state prisoner's § 1983 action is barred (absent prior invalidation – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.'").

The final termination rule announced in Heck bars Plaintiff's § 1983 claims that have the effect of impugning the underlying Dauphin County criminal charges against Plaintiff. See Marable v. Pottsgrove Twp., 176 F. App'x. 275, 281 (3d Cir. 2006); see also Smith v. Holtz, 879 F. Supp. 435, 442 (M.D. Pa. 1995) (holding that Heck applied to Fourteenth Amendment due process claim for deprivation of a fair trial due to the withholding of exculpatory evidence); Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety Div. of State Police, 411 F.3d 427, 452 (3d Cir. 2005) (providing that Heck precludes challenges to evidence discovered during an unlawful stop or arrest if the evidence is essential to support the plaintiff's conviction). Moreover, Heck applies to § 1983 cases in which a plaintiff still has criminal charges pending against him and in which no conviction has yet occurred. See Clouser v. Johnson, 40 F. Supp. 3d 425, 432 (M.D. Pa. Aug.

25, 2014). Consequently, because the instant complaint is Heck barred, Plaintiff's complaint will be dismissed.

### C. The Judges and District Attorneys are Entitled to Immunity

Plaintiff seeks to hold state court judges and the district attorneys who are prosecuting him personally liable to him for damages. (Doc. No. 1.) However, it is well settled that a "judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts. Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

Similarly, a prosecutor also enjoys a degree of immunity. A prosecutor is entitled to absolute immunity when he is functioning as the state's advocate in performing the questioned actions. Yarris v. County of Delaware, 465 F.3d 129, 136 (3d Cir. 2006). That is to say, prosecutors are absolutely immune for actions performed in a judicial or quasi-judicial role. Odd v. Malone, 538 F.3d 202, 208 (3d Cir. 2008). Prosecutorial immunity extends to "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and

which occur in the course of his role as an advocate for the State." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

Here, Plaintiff seeks to hold prosecutors personally liable for their act of prosecuting him. Since these officials are immune from personal, individual liability for their actions in bringing the criminal case against Plaintiff, his claims against these Defendants must be dismissed. Similarly, regarding the judges Plaintiff seeks to hold personally liable, it cannot be said that they acted in the clear absence of any jurisdiction. Indeed, their judicial acts are actions that fall squarely within the jurisdiction conferred upon them by state law as state judges. See Miles v. Zech, No. 3:18-cv-1061, 2018 WL 3214262, at *8 (M.D. Pa. May 23, 2018). Consequently, Plaintiff cannot maintain a cause of action against the defendant judges or prosecutors.

### D. Leave to Amend

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay,

bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Id. The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002). Based on the foregoing, the Court finds that affording Plaintiff an opportunity to amend would be futile.

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 2), will be granted and the complaint will be deemed filed. Plaintiff's complaint (Doc. No. 1), will be dismissed without leave to amend. An appropriate order follows.

    s/Sylvia H. Rambo
    SYLVIA H. RAMBO
    United States District Judge

Dated: December 17, 2018